UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MERCEDES RAMOS and DANIEL RAMOS,<br><br>Plaintiffs,<br><br>v.<br><br>AEROVIAS DE MEXICO S.A. DE C.V., (INC.), a foreign corporation, d/b/a AEROMEXICO; and AEROLITORAL SA DE C.V., a foreign corporation, d/b/a AEROMEXICO CONNECT,<br><br>Defendants. | No.<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, MERCEDES RAMOS and DANIEL RAMOS, by and through their attorneys, CORBOY & DEMETRIO, P.C., complaining of Defendants, AEROVIAS DE MEXICO S.A. DE C.V., a foreign corporation, d/b/a AEROMEXICO (hereinafter "AEROMEXICO"), and AEROLITORAL SA DE C.V., a foreign corporation, d/b/a AEROMEXICO CONNECT (hereinafter "AEROMEXICO CONNECT"), and state as follows:

## INTRODUCTION

1. On July 31, 2018, Plaintiff, MERCEDES RAMOS, a Texas resident, was a passenger aboard AEROMÉXICO Flight 2431 from General Guadalupe Victoria Airport, a.k.a. Durango International Airport, to Mexico City, the first leg of her return flight to Houston, Texas. Flight 2431 crashed during an attempted takeoff from Durango International Airport, causing physical and emotional injuries to Mrs. Ramos. Plaintiff, DANIEL RAMOS, also domiciled in Texas, is the lawful husband of MERCEDES RAMOS and seeks loss of consortium damages.

## PARTIES

2. Plaintiffs, MERCEDES RAMOS and DANIEL RAMOS, permanently reside in, and are domiciled in, Humble, Harris County, Texas. Plaintiff, MERCEDES RAMOS purchased plane tickets in Texas from Defendants to fly on Aeroméxico Flight 2431. The flight reservation confirmation states the flights are "Aeromexico" flights "operated by AEROLITORAL DBA AEROMEXICO CONNECT". The flight from Durango to Mexico City was the first leg of her return trip home to George Bush Intercontinental Airport, located in Houston, Texas.

3. Defendant, AEROVIAS DE MÉXICO, S.A. DE C.V. (INC.), d/b/a AEROMÉXICO ("AEROMÉXICO") is a for profit foreign corporation. On and before July 31, 2018, AEROMEXICO was a foreign air carrier operating in the United States under Federal Aviation Regulation Part 129 with Federal Aviation Administration Certificate Number ASMF152F.

4. At all relevant times, AEROMÉXICO was a common carrier by air, operating aircraft in the State of Texas for the transportation of passengers for hire. AEROMÉXICO advertises that it provides roundtrip services between several locations in Mexico and Central America, and cities in the State of Texas, including Houston, Austin, Dallas and San Antonio. AEROMÉXICO sells tickets to fly on its aircraft or the aircraft of affiliated carriers to Texans over the internet and through agents in Texas, as well as at customer service counters in airports across the State manned by agents, servants and/or employees of Defendant.

5. AEROMÉXICO is, and was at all relevant times, licensed to do business in the State of Texas and actively engages in business in Texas, including entering into contracts to be performed in Texas, purchasing and selling goods and services in Texas and advertising for business in Texas. Defendant has places of business in Texas, employees that work in Texas, owns

and/or leases property in Texas and pays taxes in Texas.  Further, Defendant has filed lawsuits in Texas and availed itself of the Texas Judicial system.  Defendant AEROVIAS DE MÉXICO, S.A. DE C.V. (INC.), d/b/a AEROMÉXICO may be served with process and a copy of Plaintiff's Original Complaint through its agent for service of process: Jose Quant at 3663 North Sam Houston Parkway East, Suite 500, Houston, Texas 77032.

6. Defendant, AEROLITORAL S.A. DE C.V., d/b/a AEROMÉXICO CONNECT ("AEROMÉXICO CONNECT"), is a for profit foreign corporation.  On and before July 31, 2018, AEROMEXICO CONNECT was a foreign air carrier operating in the United States under Federal Aviation Regulation Part 129 with Federal Aviation Administration Certificate Number LVQF318F.

7. At all relevant times, AEROMÉXICO CONNECT was a common carrier by air, operating aircraft in the State of Texas for the transportation of passengers for hire. AEROMÉXICO CONNECT sells tickets to fly on its aircraft or the aircraft of affiliated carriers to Texans over the internet and through agents or affiliates in Texas, as well as at customer service counters in airports across the State.

8. AEROMÉXICO CONNECT is, and was at all relevant times, licensed to do business in the State of Texas and actively engages in business in Texas, including entering into contracts to be performed in Texas, purchasing and selling goods and services in Texas and advertising for business in Texas.  Defendant has places of business in Texas, employees who work in Texas, owns and/or leases property in Texas and pays taxes in Texas. Defendant AEROLITORAL S.A. DE C.V., d/b/a AEROMÉXICO CONNECT may be served with process and a copy of Plaintiff's Original Complaint through one of the individuals listed as its agent for service of process in various documentation located on the Texas Secretary of State's website:

3

Steve Milburn at 3663 North Sam Houston Parkway East, Suite 500, Houston, Texas 77032; or Jose Quant at 3663 North Sam Houston Parkway East, Suite 500, Houston, Texas 77032.

9. On information and belief, at all relevant times there was a code-sharing arrangement between Defendants whereby Aeroméxico's designator code was used to identify flights operated by Aeroméxico Connect, including Flight 2431. Both Defendants exclusively operated Flight 2431 and the crew, airplane and control of that flight were controlled and managed by the Defendants, acting through their agents, servants, and/or duly authorized employees. The positioning and roles of the pilots and "pilot in training" was under the exclusive control of Defendants, acting through their agents, servants and employees. The decision to take off in bad weather conditions was under the exclusive control of Defendants, acting through their agents, servants, and employees.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331 and under the Montreal Convention, an international treaty to which the United States is a signatory. The flight constituted an international carriage of persons, as defined by Article 1 of the Convention. Jurisdiction is proper under Article 33 because Houston was the Plaintiffs' "place of destination" as that term is defined by the Montreal Convention, the Plaintiffs have their principal and permanent residence in Humble, Harris County, Texas and both Defendants operate services for the carriage of passengers by air in Texas, either on their own aircraft or on another carrier's aircraft pursuant to a commercial agreement, and the Defendants conduct their business of carriage of passengers by air from premises they either own or lease in Texas or that are owned or leased in Texas by another carrier with which Defendants have a commercial agreement.

11. This Honorable Court has personal jurisdiction over both Defendants. Plaintiffs purchased their tickets to fly on Defendants' flights, including the flight that crashed, in Texas. The tickets Plaintiffs purchased were delivered to Plaintiffs in Texas. The Plaintiffs' principal and permanent residence is in the Southern District of Texas and the ultimate destination of their flights on July 31, 2018 was Houston, Texas. Further, the Defendants have each established minimum, purposeful contacts with Texas that are so continuous and systematic as to render both Defendants essentially at home in Texas. Defendants have sought benefit, advantage and/or profit by availing themselves of the Texas market and would reasonably anticipate being called into a Texas court, especially given the provisions of the Montreal Convention and their status as airlines that actively promote in Texas the sale of tickets on their international flights as well as the sale of tickets on connecting flights that are part of international travel. The exercise of jurisdiction here comports with "traditional notions of fair play and substantial justice," and the exercise of jurisdiction is reasonable under the circumstances.

12. Venue is proper in the Southern District of Texas under Article 33, Paragraphs (1) and (2) of the Montreal Convention. Houston was Plaintiffs' "place of destination" and the Southern District of Texas is where Plaintiffs purchased their tickets and is Plaintiffs' principal and permanent residence. Both Defendants operate services for the carriage of passengers by air, either on their own aircraft or on another carrier's aircraft pursuant to a commercial agreement, and both Defendants conduct their business of carriage of passengers by air from premises they either own or lease in the Southern District of Texas or that are owned or leased by another carrier with which Defendants have a commercial agreement. Venue is also proper under 28 U.S.C. §1391(b)(1) because Defendants are residents of the Southern District of Texas as that term is defined in 28 U.S.C. §1391(c)(2).

**FACTUAL ALLEGATIONS**

13. On July 31, 2018, Plaintiff, MERCEDES RAMOS, was a passenger aboard Flight 2431.

14. On July 31, 2018, Flight 2431 crashed during an attempted takeoff from Durango International Airport.

15. On July 31, 2018, AEROMEXICO piloted and was in operational control of Flight 2431 before and at the time that it crashed.

16. On July 31, 2018, AEROMEXICO CONNECT piloted and was in operational control of Flight 2431 before and at the time that it crashed.

17. On July 31, 2018, AEROMEXICO and AEROMEXICO CONNECT, by and through their collective partnership and/or joint enterprise, and each of them, (as well as their employees acting in the course and scope of their employment and for whom Defendants are responsible under, *inter alia*, the doctrines of vicarious liability, or *respondeat superior*) were negligent in including, but not limited to, the following respects:

   a. Failed to execute a proper takeoff maneuver;

   b. Failed to obtain sufficient runway speed during takeoff;

   c. Failed to obtain sufficient airspeed upon takeoff;

   d. Failed to obtain proper pitch, yaw and attitude during takeoff;

   e. Attempted a takeoff maneuver in unsafe wind conditions;

   f. Failed to adequately monitor wind conditions prior to takeoff;

   g. Failed to properly correct for wind conditions during takeoff;

   h. Failed to maintain safe and proper operational control of its aircraft at all times to avoid a mishap; and

      i.      Allowed a pilot in training to apply the throttle and start the takeoff, in violation of Aeromexico's corporate policies, procedures and protocols.

## CAUSES OF ACTION

Article 17 of the Montreal Convention

18.    Because Flight 2431 was the first leg of Plaintiffs' international trip with its ultimate destination in Houston, the Montreal Convention governs this claim. Pursuant to Article 17(1) of the Montreal Convention, the Defendants are liable for damages sustained as the result of "bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." The crash involved in this action constitutes an abnormal or unusual condition external to the Plaintiffs, the Plaintiffs neither caused nor contributed to the crash or their injuries, and the injuries and damages sustained by all six of the Plaintiffs in this action occurred either in the crash while Plaintiffs were on board the aircraft or during the disembarking process.

Article 21(2) of the Montreal Convention

Articles 39-41 of the Montreal Convention

19.    In the event it should be determined that Aeroméxico was not the "actual carrier", as that term is defined by the Montreal Convention, Aeroméxico is liable to Plaintiffs under the Montreal Convention pursuant to Articles 39-41. Aeroméxico, if it was not "the actual carrier", was the "contracting carrier". It made the contract of carriage with Plaintiffs for Flight 2431. On information and belief, that contract was made through a code-sharing arrangement between Defendants. As set forth in Article 40 of the Montreal Convention, as a contracting carrier, Aeroméxico is subject to the rules of the Convention.

20. As set forth in Article 41 of the Montreal Convention, if Aeroméxico Connect and not Aeroméxico is deemed to be the actual carrier, the actions of Aeroméxico Connect's agents and servants in the course and scope of their employment are deemed to be those of Aeroméxico.

21. In a cause arising from the same aircraft crash, Defendants have stipulated to liability, stating Defendants have conceded that the crash of Flight 2431 constituted an "accident" and that they are strictly liable for all of Plaintiffs' injuries that were caused by the crash and are recoverable under the Convention." (4:18-cv-03812; ECF 62; 10/14/19)

## DAMAGES

22. As a result of the crash in question, Plaintiff, MERCEDES RAMOS has incurred personal injuries, mental anguish, physical pain and suffering, medical expenses, disfigurement, lost wages, lost earning capacity, and physical impairment. Furthermore, Plaintiff will in all reasonable likelihood continue in the future, to incur damages for mental anguish, lost earning capacity, physical pain and suffering, medical expenses, disfigurement, and physical impairment. Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, mental anguish, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, and physical impairment.

23. Plaintiff, DANIEL RAMOS, is the lawfully wedded husband of Plaintiff, MERCEDES RAMOS. As a further proximate result of one or more of the above stated negligent acts or omissions, Plaintiff DANIEL RAMOS sustained the loss of services, consortium and society of his wife, MERCEDES RAMOS.

## JURY DEMAND

24. Plaintiffs demand a jury trial on all issues triable to a jury and tender the appropriate fee.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, MERCEDES RAMOS and DANIEL RAMOS, demand judgment against Defendants, AEROVIAS DE MEXICO S.A. DE C.V. (INC.), a foreign corporation, d/b/a AEROMEXICO, and AEROLITORAL SA DE CV, a foreign corporation, d/b/a AEROMEXICO CONNECT, jointly and severally, for an award of all damages allowed by law including but not limited to actual damages to compensate each of them for the damages they each have sustained; special damages, consequential damages, pre-judgment interest in the maximum amount allowed by law; post- judgment interest; all costs of court; and all other relief to which Plaintiffs may be justly entitled.

Dated this 4th day of May, 2020.

| CORBOY & DEMETRIO, P.C. | MCCALLY LAW, P.C. |
|---|---|
| By: /s/ *William T. Gibbs* | By: /s/ *Sharon Sue McCally* |
| William T. Gibbs<br>Francis Patrick Murphy<br>Daniel S. Kirschner<br>(*Pro hac vice anticipated*)<br>Corboy & Demetrio, P.C.<br>33 North Dearborn Street, 21st Floor<br>Chicago, Illinois 60602<br>Telephone (312) 346-3191<br>Facsimile (312) 346-5562<br>Email: wtg@corboydemetrio.com<br>Email: fpm@corboydemetrio.com<br>Email: dsk@corboydemetrio.com | Sharon Sue McCally<br>State Bar No. 13356100<br>1005 Heights Blvd.<br>Houston, Texas 77008<br>Telephone: 713.529.0048<br>Facsimile: 713.529.2498<br>Email: smccally@aol.com |